NO. 07-05-0134-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 19, 2006


______________________________



SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, 



 Appellant


v.



GERY FRANKLIN, as next friend of ZACHARY WALKER, a minor, 



 Appellee

_________________________________



FROM THE 286th DISTRICT COURT OF HOCKLEY COUNTY;



NO. 04-08-19,676; HON. H. BRYAN POFF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 This case involves cross motions for summary judgment. The motion of Southern
Farm Bureau Casualty Insurance Company (Farm Bureau) was denied while that of Gery
Franklin, as next friend of Zachary Walker (Zachary), a minor, was granted. Among the
various issues urged by Farm Bureau, we address only that involving whether the term
"bodily injury" contained in an underinsured motorist policy encompassed claims for mental
anguish asserted through a bystander liability cause of action. Following Supreme Court
precedent, we hold that it does not and reverse the summary judgment.

 As previously alluded to, Zachary witnessed his mother incur injury in an auto
accident. Thereafter, he made a claim for mental anguish upon Farm Bureau via an
underinsured motorist policy acquired by his mother from that insurer. Farm Bureau
denied coverage. Via its supplemental motion for summary judgment, it asserted, among
other things, that the policy simply obligated it to recompense Zachary for "bodily injury"
and that mental anguish was not such injury. We agree on the basis of the Texas
Supreme Court's opinion in Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819 (Tex.
1997). 

 In Trinity, the court held that the phrase "bodily injury" appearing in an insurance
policy does not encompass purely emotional injuries such as mental anguish, unless the
policy states otherwise. Id. at 823. That decision binds us and controls the outcome here. 
So, because 1) Farm Bureau contracted only to recompense Zachary for "bodily injury,"
2) the policy at issue failed to define that phrase as including emotional or mental injury,
and 3) Zachary sought (via his bystander liability claim) recovery solely for mental anguish,
Farm Bureau was entitled to judgment as a matter of law. 

 Accordingly, we reverse the summary judgment granting Zachary recovery against
Farm Bureau and render judgment declaring that Zachary take nothing against Farm
Bureau upon his claim of bystander liability.


 Brian Quinn 

 Chief Justice



ivity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim.
App. 2001). The circumstances that raise suspicion need not be criminal in and of
themselves but the conduct must be sufficiently distinguishable from that of innocent
people under the same circumstances to clearly set the suspect apart. Davis v. State, 947
S.W.2d 240, 242 (Tex. Crim. App. 1997). 

 Appellant's 1) lingering in front of a jail at 4 a.m., 2) being clothed in a way that
concealed his identity, 3) riding a motorcycle with an altered licence plate, 4) running a stop
sign as he drove away, and 5) speeding constitute some evidence of articulable facts upon
which a reasonable officer could deduce that appellant had or was engaged in criminal
conduct. Thus, Baker had reasonable suspicion justifying his attempt to detain appellant,
and the evidence supporting that conclusion was neither weak nor outweighed by
countervailing evidence. 

 Accordingly appellant's issue is overruled, and the judgment is affirmed. 


 Brian Quinn 

 Chief Justice


Do not publish.